UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| IONE ESTER BROKAW, and ) | Case No. 07-20137-659 |
| LEONARD RAYMOND BROKAW ) | Judge Kathy A. Surratt-States |
| ) | Chapter 7 |
| Debtors. ) | |
| ) | **Adversary No. 10-2013-659** |
| FREDRICH J. CRUSE, CHAPTER 7 TRUSTEE, ) | |
| Plaintiff, ) | **PUBLISHED** |
| ) | |
| v. ) | |
| ) | |
| IONE ESTER BROKAW, and ) | |
| SETH D. SHUMAKER ) | |
| | |
| Defendants. | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The matter before the Court is Fredrich J. Cruse, Chapter 7 Trustee's Complaint for Preliminary and Permanent Injunction, Defendants' Amended Answer and Amended Response to Plaintiff's Complaint for Preliminary and Permanent Injunction, Memorandum of Law in Support of Complaint for Permanent Injunction and Defendants' Memorandum in Opposition to Plaintiff's Complaint for Preliminary and Permanent Injunction. A hearing was held on December 16, 2010 at which time the Court took the matter under submission. Upon consideration of the record as a whole, the Court resolves the matter as follows.

Debtor Ione E. Brokaw (hereinafter "Debtor") sought relief under Chapter 7 of the Bankruptcy Code on May 18, 2007.[1] Fredrich J. Cruse was the duly appointed Chapter 7 Trustee (hereinafter "Trustee"). Debtor was at all times represented in her Chapter 7 bankruptcy by Frederick P. Tucker (hereinafter "Mr. Tucker"). Defendants' Exhibit 4, ¶ 1. On or about August 24, 2006, Debtor filed suit against Nelson Michael in the Circuit Court of Adair County, Missouri (Case

---

[1] Debtor's bankruptcy case was consolidated with the Chapter 7 bankruptcy case of Leonard Raymond Brokaw, Debtor's husband, on June 28, 2007.

Number 06AR-CV00226) (hereinafter "Personal Injury Lawsuit"). Defendants' Exhibit 3. The Personal Injury Lawsuit was filed in connection with injuries sustained by Debtor in a car accident in Kirksville, Missouri due to Nelson Michael's negligence. Defendants' Exhibit 3. On or about December 14, 2007, after Debtor filed her bankruptcy petition, Debtor—by and through her Personal Injury Lawsuit attorney Seth Shumaker (hereinafter "Mr. Shumaker")[2]—filed a Motion for Default Judgment in the Personal Injury Lawsuit. Defendants' Exhibit 3. A hearing was held in the Personal Injury Lawsuit on January 25, 2008, at which Debtor and Mr. Shumaker (hereinafter collectively "Defendants") appeared and Nelson Michael did not appear. Defendants' Exhibit 3. That same day, Default Judgment was entered in favor of Debtor and against Nelson Michael in the amount of $150,000.00. Defendants' Exhibit 3.

Debtor did not disclose the Personal Injury Lawsuit on Debtor's Schedule B at the time of filing her bankruptcy case. Debtor did list the Personal Injury Lawsuit on Debtor's Statement of Financial Affairs. Mr. Tucker further states that he was previously instructed by Trustee that it was not necessary to list items of no value on Schedule B and Mr. Tucker was under the impression that the Personal Injury Lawsuit did not have value because no money could be recovered. Defendants' Exhibit 4, ¶ 2.

Debtor also disclosed the Personal Injury Lawsuit at Debtor's continued Section 341 Meeting of Creditors, held on July 17, 2007. At that time, Trustee inquired about the Personal Injury Lawsuit. Mr. Tucker informed Trustee that Mr. Shumaker represented Debtor in the Personal Injury Lawsuit. Defendants' Exhibit 2. Trustee then instructed Mr. Tucker that Schedule B needed to be amended to disclose the Personal Injury Lawsuit:

---

[2]On or about November 4, 2004, Debtor entered a Contingent Fee Contract with Mr. Shumaker whereby Debtor agreed to pay Mr. Shumaker forty percent (40%) of whatever may be recovered as a result of any claims against Nelson Michael and/or Shelter Insurance. Defendants' Exhibit 2.

2

| | |
|---|---|
| COURT[3]: | Fred,[4] I think you need to amend B21 to identify that - - claim. |
| MR. TUCKER: | It's not on there? |
| COURT: | No. It's not on Schedule B.  It's in the Statement of Affairs, but I didn't see it - - if it's not - - |
| | . . . |
| MR. TUCKER: | I don't know what kind of value to put on it. |
| THE COURT: | Well, you can - - well, I'll leave that up to you, but you need to make the disclosure that the claim exists.  You need to - - it's an asset. |
| MR. TUCKER: | Okay. |
| THE COURT: | The claim is an asset that ought to go on Schedule B. |
| MR. TUCKER: | Okay. Got you. |

Defendants' Exhibit 2; Section 341 Meeting Tr. 7:9 - 8:6, July17, 2007.  While Debtor's Schedule B was amended first on May 23, 2007 and again on July 8, 2007, the Personal Injury Lawsuit was never disclosed as instructed by Trustee at the Section 341 Meeting of Creditors.  Debtor's case was closed on October 16, 2007.

Trustee filed Motion to Set Aside Trustee's Report of No Distribution and Reopen Case on August 4, 2010, which was granted on August 7, 2010.   Schedule B was again amended on November 11, 2010 to include the Personal Injury Lawsuit.  Schedule C was also amended to exempt $1,062.00 of the Personal Injury Lawsuit Default Judgment pursuant to Missouri Statute Section 513.430.1(3).  Lastly, Schedule D was amended to include a secured claim in the amount of $60,000.00 for attorney fees for Mr. Shumaker in relation to legal services provided in the Personal Injury Lawsuit.  Mr. Shumaker was never hired by the bankruptcy estate nor was an application to employ Mr. Shumaker ever filed with the Court.

---

[3]COURT refers to the Chapter 7 Trustee, Fredrich J. Cruse.

[4]Here, "Fred" refers to Mr. Tucker.

3

Trustee argues that since Debtor did not disclose the Personal Injury Lawsuit on Schedule B, Trustee did not administer the Personal Injury Lawsuit and as such, it is still part of the bankruptcy estate. Further, Trustee argues that Trustee did not abandon the bankruptcy estate's interest in the Personal Injury Lawsuit by operation of law because in order to do so, the Personal Injury Lawsuit would need to first be listed on Schedule B.

Defendants argue that it should be sufficient that Debtor listed the Personal Injury Lawsuit in Debtor's Statement of Financial Affairs and that the Personal Injury Lawsuit was disclosed at the Section 341 Meeting of Creditors. Defendants maintain that there was no fraudulent intent, particularly since Mr. Tucker was under the impression that Trustee had generally instructed that he should not list assets of no value on bankruptcy schedules. Defendants argue that to rule in favor of Trustee would equate to a windfall for the bankruptcy estate.

## JURISDICTION

This Court has jurisdiction of this matter pursuant 28 U.S.C. §§ 151, 157 and 1334 (2010) and Local Rule 81-9.01(B) of the United States District Court for the Eastern District of Missouri. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (B) (2010). Venue is proper in this District under 28 U.S.C. § 1409(a) (2010).

## CONCLUSIONS OF LAW

Pursuant to 11 U.S.C. § 541(a), upon the filing of a Chapter 7 petition, "all legal or equitable interests of the debtor in property as of the commencement of the case" becomes property of the bankruptcy estate. 11 U.S.C. § 541(a)(1) (2010). A debtor is required to report all assets, including "all legal and equitable interests of the debtor in property as of the commencement of the case" on debtor's schedules. *Harris v. St. Louis University,* 114 B.R. 647, 648 (E.D. Mo. 1990), *citing* 11 U.S.C. § 541(a)(1); 11 U.S.C. § 521(a)(1)(B) (2010). "[C]auses of action belonging to the debtor at the commencement of the case are included within the definition of property of the estate." *In re Ozark Restaurant Equipment Co., Inc.,* 816 F.2d 1222, 1225 (8th Cir. 1991), *cert denied,* 484

4

U.S. 848, 108 S.Ct. 147, 98 L.Ed.2d 102 (1987). The trustee shall "collect and reduce to money the property of the estate for which such trustee serves, and close such estate as expeditiously as is compatible with the best interests of parties in interest." 11 U.S.C. § 704(a)(1) (2010). "[A]fter appointment of a trustee, a Chapter 7 debtor no longer has standing to pursue a cause of action which existed at the time the Chapter 7 petition was filed. Only the trustee, as representative of the estate, has the authority to prosecute and/or settle such causes of action." *Harris,* 114 B.R. at 648, *citing Cain v. Hyatt,* 101 B.R. 440, 442 (E.D. Pa. 1989) (citations omitted); *see also* 11 U.S.C. § 323(a) (2010) ("The trustee in a case under this title is the representative of the estate"); 11 U.S.C. § 323(b) (2010) ("The trustee in a case under this title has capacity to sue and be sued").

There is no dispute that the Personal Injury Lawsuit existed at the time of Debtor's bankruptcy filing. Pursuant to 11 U.S.C. § 521(a)(1), Debtor was required to disclose the Personal Injury Lawsuit on Debtor's Schedule B. Therefore, there is no dispute that as of May 18, 2007, Debtor – and thus Mr. Shumaker as Debtor's attorney—had no authority to pursue the Personal Injury Lawsuit.

Defendants however argue first that because Debtor disclosed the Personal Injury Lawsuit on Debtor's Statement of Financial Affairs as well as during the Section 341 Meeting of Creditors, Trustee had actual notice of the Personal Injury Lawsuit. Thus, since Trustee did not administer the Personal Injury Lawsuit before closing Debtor's case, Defendants argue that Trustee abandoned any interest of the bankruptcy estate in the Personal Injury Lawsuit. Moreover, Mr. Tucker believes that he was previously generally instructed by Trustee not to list items of no value on Schedule B; and at the time of filing, Mr. Tucker believed the Personal Injury Lawsuit to be of no value.

To accept Defendants argument would require this Court to be blind to the role and responsibilities of a Chapter 7 trustee under the Bankruptcy Code as enumerated under Section

5

704 and Section 323, as well as the duties of a debtor enumerated in Section 521(a)(1)(B). Section 521(a)(1)(B) required Debtor to list all assets and liabilities on Debtor's schedules. Mr. Tucker's belief of Trustee's general instructions is irrelevant in that the duties of all debtors enumerated under Section 521 take precedence, and further, Mr. Tucker's belief directly contradicts Trustee's specific instruction during the Section 341 Meeting of Creditors to disclose the Personal Injury Lawsuit on Schedule B.

So too, Defendants' argument that Trustee abandoned the estate's interest in the Personal Injury Lawsuit must fail. Section 554(c) states "[u]nless the court orders otherwise, any property *scheduled* under Section 521(1) of this title not otherwise administered at the time of the closing of a case is abandoned to the debtor and administered for purposes of section 350 of this title." 11 U.S.C. § 554(c) (2010). Therefore, in order for Trustee to abandon any interest in property by operation of law—due to Trustee's failure to administer – the property must first be disclosed on Debtor's schedules, specifically Schedule B. Trustee's actual knowledge of the Personal Injury Lawsuit is irrelevant. *Vreugdenhill v. Navistar Int'l Transp. Corp.,* 950 F.2d 524, 526 (8th Cir. 1991); *see also Harris,* 114 B.R. 647; *accord Jeffrey v. Desmond,* 70 F.3d 183 (1st Cir. 1995)(where debtor's state court employment discrimination action that was not scheduled as an asset was not abandoned, notwithstanding debtor's claim that trustee was otherwise informed of the employment discrimination action), *In re Costello,* 255 B.R. 110, 113 (Bankr. E.D. N.Y. 2000)(unscheduled claims against debtor's ex-spouse were not abandoned by operation of law; only trustee has standing to pursue claims), *Anderson v. Acme Markets, Inc.,* 287 B.R. 624 (E.D. Pa. 2002)(where debtor's unscheduled employment discrimination lawsuit was not abandoned by operation of law and remained property of the bankruptcy estate), *Stanley v. Sherwin-Williams Co.,* 156 B.R. 25 (W.D. Va. 1993)(where unscheduled interference with contractual relations lawsuit was not abandoned by trustee despite trustee's knowledge of debtor's pre-filing claim because property must be scheduled in order for it be abandoned), *In re Miller,* 347 B.R. 48 (Bankr. S.D. Tex

6

2006)(where case was properly reopened for trustee to administer undisclosed and unscheduled personal injury lawsuit), *In re Enyedi,* 371 B.R. 327 (Bankr. N.D. Ill. 2007)(where case was reopened for trustee to pursue unscheduled personal injury lawsuit as debtor was judicially estopped from personally pursuing claims), *Cusano v. Klein*, 264 F.3d 936, 945-46 (9th Cir. 2001), *citing Stein v. United Artists Corp.,* 691 F.2d 885, 893 (9th Cir. 1982)(holding that unscheduled right to sue for unpaid royalties was not abandoned by operation of law), *In re Kopp,* 374 B.R. 842 (Bankr. D. Kan. 2007)(unscheduled unadministered fraudulent transfer claim remained property of the estate and was not abandoned), *In re Capozzi,* 229 B.R. 250 (Bankr. S.D. Fla. 1999)(where debtor only scheduled a counterclaim and not the cross-claim in the same state court action and the counterclaim was auctioned by the trustee, trustee did not abandon the cross-claim and the cross-claim remained property of the estate); *cf. Matter of Enriques,* 22 B.R. 934 (Bankr. Neb. 1982)(where trustee could not revoke abandonment by operation of law of scheduled unliquidated claim though claim was more valuable than anticipated by trustee). "Unless the court orders otherwise, property of the estate that is not abandoned under this section and that is not adminsitered in the case remains property of the estate". 11 U.S.C. § 554(d) (2010). Since the Personal Injury Lawsuit was not previously disclosed on Schedule B, it was not abandoned by Trustee. Therefore, as of Debtor's bankruptcy filing, Defendants no longer had authority to pursue the Personal Injury Lawsuit.

This conclusion is supported by the fact that the current version of Section 554 was intended to clarify the law of abandonment:

> Because the former statute was silent about a general right to abandon, it made no provision as to what constituted abandonment and what the trustee was required to do to disclaim property. Many courts held that a formal act was not absolutely essential and that any clear manifestation of the trustee's intent to disclaim would suffice. But whether a manifestation of intent was clear enough frequently raised difficult questions of fact, particularly where the manifestation consisted of inaction rather that action.

*Stanley,* 156 B.R. at 27, *citing* 4 COLLIER ON BANKRUPTCY, ¶ 554.01 (Lawrence P. King et al. Eds., 15th ed. 1993).  To adopt Defendants' position that disclosure of the Personal Injury Lawsuit in Debtor's Statement of Financial Affairs and at the Section 341 Meeting of Creditors should suffice will not only yield a result that diverges from the plain meaning of Section 554(c), but would also circumvent the very purpose of the language of Section 554.

While precedent on this matter stands firmly in favor of Trustee, it must be noted that the Court and the bankruptcy system rely on the prudence of our Chapter 7 Trustees to act as gatekeepers and perform the duties enumerated under Section 704; a responsibility in which Trustee neglected to optimally perform in the instant matter.  Trustee instructed Debtor—via Mr. Tucker—to disclose the Personal Injury Lawsuit on Schedule B at the Section 341 Meeting of Creditors.  Trustee should have been aware that Debtor's Schedule B was not amended to disclose the Personal Injury Lawsuit and thus, could have taken some additional action.  Trustee's inaction, while material, is nonetheless secondary to the fact that the initial burden laid with Debtor to schedule the Personal Injury Lawsuit on Schedule B, and as such, Debtor cannot prevail.  A separate order will be entered consistent with the foregoing.

/s/ Kathy A. Surratt-States
KATHY A. SURRATT-STATES
United States Bankruptcy Judge

DATED: April 11, 2011
St. Louis, Missouri


Copies to:

Office of the United States Trustee
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street, Suite 6.353
St. Louis, MO  63102

Ione and Leonard Brokaw
10478 Leopard Avenue
La Plata, MO 63549

Seth D. Shumaker
Seth Shumaker
716 South Baltimore
Kirksville, MO 63501

Fredrich J. Cruse
The Cruse Law Firm PC
PO Box 914
Hannibal, MO 63401

Danieal H Miller
Danieal H. Miller, PC
720 W. Sexton Road
Columbia, MO 65203

9